724 A.2d 289

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel WALTSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1998.

Decided Dec. 23, 1998.

224

226

William P. Wismer, Wilmington, DE, for Daniel Walston.

Stuart Suss, Asst. Dist. Atty., Anthony A. Saricone, Dist. Atty., Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

CAPPY, Justice.

The sole issue presented in this appeal is whether the search of an entire residence is barred as overbroad pursuant to Article 1, Section 8 where the affidavit of probable cause for the warrant references only a particular room within the residence. For the reasons which follow, we conclude that where there is probable cause to believe that contraband is located within a particular room of a single unit house, Article 1, Section 8 does not preclude a search of the entire residence and affirm the Superior Court.

Both parties stipulated to the facts, which established the following. On January 9, 1996 the State Police responded to a

domestic dispute at 159 Mosquito Lane, London Grove, Pennsylvania. Upon arrival at 159 Mosquito Lane, the police were met by a woman, whom they had never met before and who had never given them any information related to drugs or drug trafficking in the past. The woman told police that she lived at 159 Mosquito Lane and that her boyfriend, appellant in the instant case, was growing marijuana in the basement. A search warrant for 159 Mosquito Lane was issued based on this information.

The search warrant listed the items to be seized with specificity. The warrant listed, as premises to be searched, "159 Mosquito Lane. . . . Residence is located on the west side of Mosquito Lane from common driveway. Described as a one story ranch-style cream stucco residence." R.R. B–6. The State Police searched the entire residence for drugs. The police found 10 marijuana plants growing in one room of the basement. The police also found other drugs and drug paraphernalia throughout the remainder of the residence.

Appellant was charged with possession of a controlled substance, possession with intent to deliver, and manufacture with intent to deliver. Following a non-jury trial appellant was convicted of all three charges, and was sentenced to 6 to 23 months in prison. Appellant appealed to the Superior Court. In a published opinion, the Superior Court affirmed appellant's conviction. *Commonwealth v. Waltson,* 703 A.2d 518 (Pa.Super.1997). The Superior Court held that where there is probable cause to "believe criminal activity is afoot in one room of a single unit household, a warrant to search the entire unit is not overbroad." *Id.* at 521. This court granted appellant's petition for allowance of appeal in order to address whether a search warrant is overbroad where it authorizes a search of the entire residence, where the probable cause underlying the warrant relates to only a particular room of the house.

In reviewing rulings of a suppression court, we must determine whether the record supports the factual findings. It is only where the legal conclusions drawn from the facts of

228

record are in error that this court may reverse. *Common-wealth v. Cortez*, 507 Pa. 529, 491 A.2d 111 (1985).

Appellant asserts that pursuant to the enhanced privacy protection of Article 1, Section 8 of the Pennsylvania Constitution a warrant is overbroad if it permits a search to occur in any area of a single unit residence for which there is no probable cause. Thus, since the probable cause in the instant case related only to the basement of the premises, the search warrant which permitted a search of the entire premises was overbroad.

The Commonwealth, appellee, responds that the information provided by the named informant provided probable cause to search the entire premises. Moreover, according to the Commonwealth, the idea that a search warrant, for which there is probable cause, must be limited to a single room on the premises has been rejected by other jurisdictions and should likewise be rejected by this court.

■ Appellant attempts to persuade this court that the Pennsylvania Constitution's enhanced privacy rights limit the scope of a lawful search of a single unit residence more than the Fourth Amendment. In *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (Pa.1991), this court proffered a methodology for analyzing issues which arise pursuant to the Pennsylvania Constitution. Specifically, the court will look at:

1) the text of the Pennsylvania constitutional provision;

2) history of the provision, including Pennsylvania case-law;

3) related case-law from other states;

4) policy considerations, including the unique issues of state and local concern, and applicability within the modern Pennsylvania jurisprudence.

*Edmunds*, 586 A.2d at 895. As the following analysis reveals, appellant's position is not supported by the text of Article 1, Section 8, Pennsylvania history and case law, case law from other jurisdictions, or any policy considerations unique to Pennsylvania jurisprudence.

The text of Article 1, Section 8 provides as follows:

Security from Searches and Seizures

Section 8. The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

 This court has recognized that the wording of Article 1, Section 8 is similar to the language of the Fourth Amendment.[1] *Edmunds,* 586 A.2d at 895–896. But, this does not demand that the interpretation of the two provisions be identical. *Id.* The text of Article 1, Section 8, "as nearly as may be," has been interpreted as requiring more specificity in the description of items to be seized than the federal particularity requirement. *Commonwealth v. Grossman,* 521 Pa. 290, 555 A.2d 896, 899 (1989). This requirement makes general searches impossible and "prevents the seizure of one thing under a warrant describing another." *Id.*

 This distinction between the two provisions is consistent with the historical background of Article 1, Section 8, which establishes that the purpose underlying Article 1, Section 8 was to protect persons from unreasonable searches and seizures conducted pursuant to general warrants. *Edmunds,* 586 A.2d at 896, 897, *see also Commonwealth v. Grossman,* 521 Pa. 290, 555 A.2d 896 (Pa.1989). At the time that Article 1, Section 8 was drafted, the utmost concern of the drafters was to protect citizens from searches and seizures unsupported by probable cause. *Edmunds* at 897. Moreover, this court has held that embodied in Article 1, Section 8 is a strong notion of privacy, which is greater than that of the Fourth Amendment. *Id.* at 897–898 ("Article 1, Section 8 ... may be employed to guard individual privacy rights against unreason-

---

1. The Fourth Amendment of the United States Constitution provides as follows:

> The right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

230

able searches and seizures more zealously than the federal government . . .").

It is from this notion of enhanced privacy rights that we proceed in the instant case. In *Edmunds*, this court explained that the twin aims of Article 1, Section 8 are "the safeguarding of privacy and the fundamental requirement that warrants shall only be issued upon probable cause." *Id.* at 899. Probable cause is determined based on the totality of the circumstances. *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985). The totality of the circumstances test is satisfied where the police officers have a reasonable belief that the items to be seized are related to criminal conduct and that those items are presently located in the place to be searched. *Commonwealth v. Jackson*, 461 Pa. 632, 337 A.2d 582 (1975).

In order to protect these twin aims, a warrant must describe the place to be searched and the items to be seized with specificity, and the warrant must be supported by probable cause. The place to be searched must be described "precise enough to enable the executing officer to ascertain and identify, with reasonable effort, the place intended, and where probable cause exists to support the search of the area so designated, a warrant will not fail for lack of particularity." *Commonwealth v. Carlisle*, 348 Pa.Super. 96, 501 A.2d 664 (Pa.Super.1985), *aff'd* 517 Pa. 36, 534 A.2d 469 (1987), *citing In re Search Warrant B–21778*, 341 Pa.Super. 350, 491 A.2d 851, 856 (1985), *aff'd* 513 Pa. 429, 521 A.2d 422 (1987)(rejecting attorney's claim that place to be searched in search warrant should have been restricted to his personal office). Thus, where a search warrant adequately describes the place to be searched and the items to be seized the scope of the search "extends to the entire area in which the object of the search may be found and properly includes the opening and inspection of containers and other receptacles where the object may be secreted."[2] *Commonwealth v. Reese*, 520 Pa. 29, 549 A.2d 909, 911 (1988).

2. For example, it would be unreasonable if the object of the search was a stolen car, for police officers to search the dresser drawers of

■ Case law from our sister states is consistent with Pennsylvania jurisprudence on this issue. In *Shoemaker v. Maryland*, 52 Md.App. 463, 451 A.2d 127 (1982), appellant challenged the scope of the search, since the allegations "pointed to the suspect documents being in a single desk in a single room and that the warrant gave the officers the unnecessarily broad prerogative to search the entire house." *Shoemaker* at 139. In rejecting appellant's argument, the court explained that pursuant to the Fourth Amendment and Art. 27, Section 551 of the Maryland Code the particularity requirement was satisfied where the search was limited to a particular, ascertainable, well-described house. *Id.* at 138–139. *See also Missouri v. Weide*, 812 S.W.2d 866 (Mo.Ct.App. 1991)("the search of an entire residence for contraband is not overbroad when the contraband is of the type that could easily be concealed anywhere within the residence."); *Madrid v. Texas*, 595 S.W.2d 106 (Crim.App.1979)(holding search of entire residence was reasonable, even though confidential informant observed heroin in only two areas within the apartment). Thus, it is generally accepted that the scope of a search warrant is limited by the items to be seized and where they may be found and not to a particular location within those premises. W. LaFave, SEARCH AND SEIZURE, §4.10(d) (3d ed.1996)(any claims that the scope of a search must be limited to a particular location within the premises have been quite properly rejected).

Lastly, we look at the public policy concerns involved. Appellant offers the theory of a narrower search based on his belief that Pennsylvania zealously guards individual privacy rights. However, the individual privacy rights at issue are not strained by a search of the entire single family residence. Rather than supporting Pennsylvania's protection of individual privacy rights, appellant's position renders that important tradition impotent by requesting that this court extend it to absurd extremes. For example, a named eyewitness tells the

appellant looking for the stolen car, conversely it is reasonable for the scope of the search to encompass any places where the contraband may be found.

police that he was in Mr. Smith's house 10 minutes ago, where he saw a dead body in the living room. The issuing magistrate would limit the places to be searched to the living room. When police arrive at the scene and enter the living room there is no dead body. Under appellant's theory, the police would be forced to return to the issuing magistrate to obtain another warrant to search the remainder of the house. Clearly a result not contemplated by the policy reasons which underscore the enhanced privacy rights found in Article 1, Section 8.

Applying the above analysis to the instant case, initially we note that appellant stipulated that the items to be seized were described with specificity and that police had probable cause to search the basement. Moreover, appellant does not assert that the premises to be searched in the warrant were not described with particularity. Thus, based on our analysis above, the scope of the search authorized by the warrant was lawful if it was limited to places within the premises where the police had probable cause to believe that the items to be seized could be found.

The search warrant included, among the items to be seized, any records of occupancy and/or ownership of property, any controlled substances, any drug paraphernalia, and any records, documents or photos related to drug trafficking. We find that the police could reasonably believe that these items would be found in places other than the basement and thus, police did not need to limit the scope of the search only to the basement. Moreover, appellant does not challenge that these specified items could be located in any of the areas that were searched by the police. Thus, we find that the search of appellant's home was lawful.

For the reasons stated herein, we conclude that although the Pennsylvania Constitution provides greater privacy rights than the Fourth Amendment of the United States Constitution; in the search of a single unit house, these rights are satisfied where the specificity requirement is met. Accordingly, the search warrant issued in the instant case was not

overbroad pursuant to Article 1, Section 8 of the Pennsylvania Constitution. We affirm the order of the Superior Court.

Justice CASTILLE concurs in the result.