J. S64040/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY A. EBERLY, | : | |
| | : | |
| Appellant | : | No. 559 MDA 2015 |

Appeal from the Judgment of Sentence March 13, 2015
In the Court of Common Pleas of York County
Criminal Division No(s).: CP-67-CR-0007050-2013

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 24, 2015**

Appellant, Gregory A. Eberly, appeals from the judgment of sentence entered in the York County Court of Common Pleas following his bench conviction of manufacturing marijuana.[1] Appellant avers the officers' search warrant specified only the parcel of land on which a residence stood and did not include the adjacent parcel of land on which marijuana was growing. Thus, he contends, the trial court erred in finding the officers' entry onto the adjacent parcel was legal and erred in denying his motion to suppress. We affirm.

The trial court made the following findings of fact:

This Court finds the testimony of the officers, Chief [Larry]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(30).

> Bailets and Officer Bruce [Quinan] of North Hopewell Township, . . . to be credible. . . .
>
> 1. Chief Bailets testified that on September 07, 2013, he received an anonymous tip from an individual that [he] spotted growing marijuana plants on a property owned by [Appellant].
>
> 2. The home on the property was vacant but [Chief Bailets "had personally observed"[2]] people going back and forth from the garage which was on a separate lot. [The residence and marijuana were located on Plot 0086]. Plot 0086F is an adjacent lot which has a two story garage similar to the construction of the house.
>
> 3. [Appellant] and his wife own the garage and there is [no] separate mailing address for the garage. Chief Bailets [entered an adjoining property with that property owner's permission] and was able to . . . view the marijuana. The vegetation . . . was a brighter green in color[, which Chief Bailets recognized from prior drug strike force experience in helicopter surveillance.[3]] Chief Ballets then walked onto the property. On September 7 the vegetation was knee high but it had previously been mowed.
>
> 4. The plot is approximately 10-16 acres and the plants were found some distance from the house.

Trial Ct. Op., 6/10/14, at 2-3.[4]

Chief Bailets applied for a search warrant, describing the place to be searched as follows: "Property located at 13903 Winterstown Road, Felton, PA 17322, located in North Hopewell Township, York County; specifically the

---

[2] N.T. Suppression H'rg, 2/4/14, at 5.

[3] *Id.* at 8.

[4] The Honorable Craig T. Trebilcock presided over the suppression proceedings and authored the June 10, 2014 opinion. The Honorable Maria Musti Cook presided over trial and sentencing.

unmowed field containing large mound of ground in the southeast corner of the property now or formerly owned by [Appellant]." Appl. for Search Warrant & Authorization, 9/9/13. Chief Bailets and Officer Quinan executed the search warrant the same day. N.T. Trial, 2/4/15, at 11. They discovered and cut ten live marijuana plants, which ranged from four to five feet tall. *Id.* at 11-12. Appellant was charged with manufacturing marijuana.

Appellant subsequently filed a motion to suppress evidence. The trial court held a hearing on February 4, 2014, and denied the motion on June 10, 2014. This matter then proceeded to a bench trial on February 4, 2015. Chief Bailets and Officer Quinan were the Commonwealth's sole witnesses; Appellant did not testify or present evidence. The court found Appellant guilty of manufacturing marijuana. On March 13, 2015, the court imposed an intermediate punishment sentence[5] of three months' imprisonment and a consecutive year of probation.

Appellant did not file a post-sentence motion but took this timely appeal. He also successfully petitioned for deferment of his sentence pending the instant appeal. Finally, Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

---

[5] *See* 42 Pa.C.S. § 9763.

On appeal, Appellant presents two theories in support of his sole issue: whether the trial court erred in denying his suppression motion. We address them separately. First, Appellant asserts the search warrant was obtained only for parcel 0086F, which was the locale of the residence, bore the mailing address 13903 Winterstown Road, and was owned by him and his wife.[6] He alleges, however, that the marijuana plants were located on a separate, larger parcel, numbered 0086, which was owned by Savannah Ranch, LLC, of which he was the president. Appellant points out that at the suppression hearing, Chief Bailets testified he was aware there were two lots. Thus, Appellant contends, "[t]he description of the property to be searched, 13903 Winterstown Road parcel 0086F, did not describe with any particularity the property that was searched, parcel 0086." Appellant's Brief at 13. He concludes the officers' entry onto parcel 0086 and seizure of property was illegal as beyond the scope of the warrant. We find no relief is due.

Our Supreme Court has stated:

> Where, as in the instant case, there is no meaningful dispute of fact, our duty is to determine whether the suppression court properly applied the law to the facts of the case. The conclusions of law of the suppression court are not binding on this Court.

**_Commonwealth v. Ruey_**, 892 A.2d 802, 807 (Pa. 2006).

---

[6] Elsewhere in his brief, Appellant states this parcel was "being foreclosed upon" at the time of the search. Appellant's Brief at 7.

In reviewing rulings of a suppression court, we must determine whether the record supports the factual findings. It is only where the legal conclusions drawn from the facts of record are in error that this court may reverse.

***Commonwealth v. Waltson***, 724 A.2d 289, 291 (Pa. 1998) (citation omitted).

[A search] warrant must describe the place to be searched and the items to be seized with specificity, and the warrant must be supported by probable cause. The place to be searched must be described "precise enough to enable the executing officer to ascertain and identify, with reasonable effort, the place intended, and where probable cause exists to support the search of the area so designated, a warrant will not fail for lack of particularity." Thus, where a search warrant adequately describes the place to be searched and the items to be seized the scope of the search "extends to the entire area in which the object of the search may be found and properly includes the opening and inspection of containers and other receptacles where the object may be secreted."

***Id.*** at 292 (citations omitted).

In the case *sub judice*, the trial court opined: "In the search warrant, Chief Bailets gave a very precise description of the land to be searched and when he viewed the plants from the [neighbor's] adjoining property, they were in plain view." Trial Ct. Op. at 3.

This panel has not discovered, and Appellant does not refer to, legal authority for the proposition that a search warrant, which specifies the address of a property and a particular area on the property, must also identify the parcel or lot number of the property. Accordingly, we apply the principles set forth above—that the warrant describe the place to be

searched "precise[ly] enough to enable the executing officer to ascertain and identify, with reasonable effort, the place intended, and where probable cause exists to support the search of the area so designated, a warrant will not fail for lack of particularity." *See Waltson*, 724 A.2d at 292.

While Appellant insists that the address, 13903 Winterstown Road, applied only to the residence, he does not suggest the adjoining parcel had a different address. As stated above, the search warrant application described the place to be searched as "[p]roperty located at 13903 Winterstown Road, . . . specifically, the unmowed field containing a large mound of ground in the southeast corner of the property now or formerly owned by" Appellant. Appl. for Search Warrant & Authorization. We agree with the trial court that the warrant adequately describes the place to be searched. *See Waltson*, 724 A.2d at 292. Furthermore, the trial court found, and Appellant concedes, that Chief Bailets initially observed the marijuana in plain view, from a legal vantage point. Trial Ct. Op. at 2, 3; Appellant's Brief at 11. Thus, the warrant application was supported by probable cause, and we decline to find the warrant "fail[ed] for lack of particularity." *See Waltson*, 724 A.2d at 292.

Appellant's second theory on appeal is "that the open fields doctrine is inapplicable to the facts of this case," and instead, "the area where the plants were located was sufficiently close in distance to the garage to be considered part of the [protected] curtilage, specifically the 'secured barn.'"

Appellant's Brief at 11. Appellant further contends this "area was sufficiently intimately linked to the house, both physically and psychologically where there is a privacy expectation." *Id.* He maintains that he "individually and as an officer of Savannah Ranch, L.L.C., has a legitimate and protected possessory interest in both parcels, and therefore an expectation of privacy in both." *Id.* at 12. Appellant adds that the total land of both parcels was 20.2 acres and the property was in a "country type setting." *Id.* at 11. We likewise find no relief is due.

Appellant concedes the marijuana plants "were observed in 'plain view' on a neighboring property" and does not contest Chief Bailets' initial "in plain view" observation of the plants. Appellant's Brief at 11. In light of our holding above, that the trial court properly upheld the search warrant for the area of the property on which suspected marijuana was growing, we find moot Appellant's argument that the area was protected curtilage.

Finding no basis for relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2015