J-E02002-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| TINA SUE MCKAHAN | : | No. 10 WDA 2019 |

Appeal from the Suppression Order Entered November 28, 2018
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-00000096-2018

BEFORE:  BENDER, P.J.E., BOWES, J., SHOGAN, J., LAZARUS, J., OLSON, J.,
DUBOW, J., KUNSELMAN, J., MURRAY, J., and McCAFFERY, J.

CONCURRING MEMORANDUM BY BOWES, J.:      FILED JANUARY 12, 2021

I agree with my dissenting colleagues that the Commonwealth did not waive the issue that it pursues in this appeal, namely "that there was probable cause to support a warrant for the BAC results and the court should not have suppressed those results because of the technical problems with the warrant." Dissenting Memorandum at 5.  Indeed, I join the Dissent in full.

However, the Dissent neglects to take the next step and examine the merits of the argument that it properly concludes was not waived.  To my mind, a review of the substance of the Commonwealth's appeal reveals that the trial court properly suppressed Ms. McKahan's BAC report.  Therefore, I concur in the result reached by the Majority.

At issue herein is the consequences attendant to an overly broad search warrant.  The following legal principles apply:

The Warrant Clause of the Fourth Amendment categorically prohibits the issuance of any warrant except one particularly describing the place to be searched and the persons or things to be seized. The manifest purpose of this particularity requirement was to prevent general searches. By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit.

Maryland v. Garrison, 480 U.S. 79, 84 (1987) (internal quotation marks omitted). Although Art. I, § 8 of Pennsylvania's constitution is similar to the Fourth Amendment, our Supreme Court has held that it provides greater protection, requiring the warrant's description of the place to be searched and the items to be seized to be "as particular as is reasonably possible." Commonwealth v. Grossman, 555 A.2d 896, 899 (Pa. 1989). Our High Court explained that the drafters of Art. I, § 8 had "the utmost concern . . . to protect citizens from searches and seizures unsupported by probable cause," and hence embodied in the provision "a strong notion of privacy, which is greater than that of the Fourth Amendment." Commonwealth v. Waltson, 724 A.2d 289, 291–92 (Pa. 1998). This constitutional "particularity requirement prohibits both a warrant that is not particular enough and a warrant that is overbroad." Commonwealth v. Kane, 210 A.3d 324, 332 (Pa.Super. 2019) (internal quotation marks omitted).

The starting point for evaluating the soundness of a warrant's description is to "determine for what items probable cause existed." Grossman, supra at 900. "The sufficiency of the description must then be

measured against those items for which there was probable cause." Id. "Any unreasonable discrepancy between the items for which there was probable cause and the description in the warrant requires suppression. An unreasonable discrepancy reveals that the description was not as specific as was reasonably possible." Id.

There is no dispute in this appeal that law enforcement had probable cause to believe that Ms. McKahan had been driving under the influence of alcohol, and that they were likely to find evidence of that crime in the blood drawn from her by hospital personnel.[1] However, the warrant authorized the search and seizure not only of the BAC report, but of any and all "records of any nature made by any physicians, nurses, or any other persons concerning [Ms.] McKahan's condition or her treatment." Majority Memorandum at 3 (cleaned up). As the Majority notes, using the warrant, the authorities seized not merely the BAC report, but a full 158 pages of Ms. McKahan's medical records. Id. at 3.

The suppression court ruled that the warrant was thus unconstitutionally overbroad because "it sought [Ms. McKahan]'s complete medical records" rather than being "narrowly tailored" to focus on the items for which the

_____

[1] Ms. McKahan did move for suppression on the alternative basis that the affidavit of probable cause did not state sufficient facts to demonstrate that she was the person who had been driving the vehicle at issue. See N.T., 8/30/18, at 46-49. However, Ms. McKahan's arguments on appeal relate to the overbreadth of the warrant rather than a lack of probable cause to obtain her BAC report. See Ms. McKahan's brief at 8-13.

Commonwealth had probable cause, namely Ms. McKahan's "chemical test results showing levels of blood and/or controlled substances." Order, 11/28/18, at unnumbered 1-2.

The suppression court's ruling is supported by precedential authority. See Grossman, supra at 900 (holding warrant was unconstitutionally overbroad where it allowed search and seizure of all of insurance agency files although probable cause existed only as to three clients). Indeed, the Commonwealth does not contest the finding of overbreadth.

Rather, the Commonwealth merely challenges the propriety of the remedy the court imposed for the constitutional violation. Specifically, the Commonwealth states the following argument: "sufficient probable cause would support the issuance of a warrant to obtain the results of medical blood from Ruby Hospital; therefore, the suppression court should have determined that those results could have been obtained through inevitable discovery and found that no illegal police conduct or overreaching unearthed this evidence." Commonwealth's brief at 16.

In support, the Commonwealth relies upon the decisions in Commonwealth v. Lloyd, 948 A.2d 875 (Pa.Super. 2008), and Commonwealth v. Ruey, 892 A.2d 802 (Pa. 2006) (plurality). Neither of these cases is apt to resolution of this appeal. In Lloyd, police obtained a BAC test result through a subpoena rather than a warrant, and the trial court granted the defendant's motion to suppress it. Thereafter, the district

attorney directed the police department to conduct an independent investigation into the underlying incident, which resulted in a warrant by which the police seized the same medical records previously obtained with the subpoena. The trial court denied the defendant's subsequent motion to suppress. On appeal, this Court affirmed denial of the second suppression motion, holding that because law enforcement obtained the warrant only through information it had possessed prior to the defendant's hospital admission, and none that had been unlawfully obtained though the subpoena, "the police did not violate Appellant's right against unreasonable searches and seizures by procuring the medical records through a proper search warrant after its initial suppression." Id. at 882.

The Ruey case involved authorities obtaining a second warrant while a motion was pending seeking to suppress evidence obtained by the initial warrant based upon a flaw in the affidavit of probable cause. The trial court ultimately suppressed the evidence notwithstanding the second warrant, concluding that the troopers had merely re-enacted their initial investigation rather than using a new, independent investigation as a foundation for the second warrant. Ruey, supra at 807. After this Court reversed the suppression order, a plurality of our Supreme Court agreed that suppression was not warranted. Three justices opined that the procurement of the medical records with the second affidavit, which did not rely upon any evidence that

was improperly obtained with the first one, was permissible.[2]  Specifically, the plurality agreed with the Commonwealth that an initial violation of the U.S. or Pennsylvania constitution should not "forever foreclose[e] it from access to records that are maintained by a treatment provider and that are otherwise preserved in the ordinary course of the provider's business."  Id. at 819 (Saylor, J. concurring).

If, in the case sub judice, the Commonwealth had obtained Ms. McKahan's BAC report by means of a second, constitutionally-valid warrant, and the suppression court excluded it nonetheless, it appears that Lloyd and Ruey would warrant relief.  However, the Commonwealth took no steps to legitimately obtain Ms. McKahan's test results.  Thus, this case does not come within the purview of the above precedent.  Rather, the Commonwealth seeks to extend those cases to apply not only where a valid warrant was obtained, but where one could have been obtained.

I submit that the Commonwealth's position would render the exclusionary rule virtually meaningless.  The general rule, subject to limited exceptions, is that "[t]he admissibility of evidence is in fact affected by the conduct of the police; evidence which is obtained in violation of a person's constitutional rights, whether the police act in good faith or bad, is

_____

[2] The opinion announcing the judgment of the court, joined by one other justice, affirmed on the basis that the original warrant was valid.

inadmissible."[3]    Commonwealth v. Valenzuela, 597 A.2d 93, 100 (Pa.Super. 1991).

If we were to accept the Commonwealth's argument, the exclusion of illegally-obtained evidence would be the exception, as it would apply only when a constitutional violation was the sole means by which the Commonwealth could have obtained the evidence.  So long as there was some conceivable way by which the Commonwealth could have comported with the Constitution in seizing the evidence, the fact that it actually failed to do so would become irrelevant.  Such a rule would not further Art. I, § 8, which, again, is based upon "a strong notion of privacy" and has "the utmost concern . . . to protect citizens from searches and seizures unsupported by probable cause[.]"  Waltson, supra at 291–92.  If the Commonwealth were permitted to use seized evidence that was supported by probable cause regardless of the overbreadth of the warrant, there would be no discouragement from violating citizens' privacy interests by engaging in the very general, wide-ranging searches the Founders sought to prohibit.  Accord Grossman, supra

─────────────────────────────

[3] To the extent that the Commonwealth contends that the absence of any misconduct, or lack of evidence "that law enforcement officials had embarked upon a 'fishing expedition' for other evidence of a crime" militated against exclusion of the evidence which they had probable cause to obtain through a narrowly-drafted warrant, the Commonwealth appears to advocate for a good-faith exception to the exclusionary rule.  See Commonwealth's brief at 17.  Our Supreme Court has established that no such exception exists in this Commonwealth.  See Commonwealth v. Edmunds, 586 A.2d 887, 905-06 (Pa. 1991) ("Article I, Section 8 of the Pennsylvania Constitution does not incorporate a 'good faith' exception to the exclusionary rule.").

at 900 (holding all evidence obtained pursuant to an overbroad warrant should have been suppressed, including the three files for which probable cause existed).

The Commonwealth in essence asks this Court to apply a principle of judicial economy and treat as done what ought to have been done, namely, obtaining Ms. McKahan's BAC report through a subsequent warrant that did not infringe upon her constitutional rights. It asks us to deem its duty to abide by the requirements of the constitution as a mere formality that may be disregarded or overlooked for the sake of convenience. None of the authority the Commonwealth has offered supports its request. Instead, the case law reveals exactly how the Commonwealth should have achieved the relief it seeks: by obtaining a valid warrant after Ms. McKahan's suppression motion was granted, not by appealing the trial court's proper suppression ruling to this Court.

For these reasons, rather than through the waiver analysis applied by the Majority, I would affirm the order suppressing all of the evidence that the Commonwealth obtained through execution of the overbroad warrant.

Judge Shogan and Judge Olson join this concurring memorandum.