**[J-2-2021] [MO: Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 42 MAP 2020
:
Appellee : Appeal from the Order of the
: Superior Court at No. 151 EDA 2018
: dated January 24, 2020 Affirming
v. : the Judgment of Sentence of the
: Montgomery County Court of
: Common Pleas, Criminal Division, at
DAVID PACHECO, : No. CP-46-CR-0002243-2016 dated
: November 29, 2017
Appellant :
: ARGUED:  March 9, 2021


**CONCURRING AND DISSENTING OPINION**


**JUSTICE DONOHUE**                                      **DECIDED:  November 17, 2021**

The Majority concludes that the United States Supreme Court's holding in *Carpenter v. United States*, ___ U.S. ___, 138 S. Ct. 2206 (2018), extends to the collection of real-time cell site location information ("CSLI").  Maj. Op. at 23.  I concur in this determination and thus join parts I-VI of the Majority opinion.

The Majority further concludes that the orders issued in this case for the collection of Appellant's CSLI pursuant to Subchapter E of the Pennsylvania Wiretapping and Electronic Surveillance Control Act (the "Act"), 18 Pa.C.S. §§ 5701–5782, as the functional equivalent of warrants, were constitutionally sound.  Maj. Op. at 35.  Compelled to distance myself from this ruling, I dissent from part VII of the Majority opinion.

In this case, the Commonwealth applied to the trial court pursuant to Section 5772 of the Act for the issuance of an order pursuant to Section 5773 of the Act, authorizing

the search of CSLI derived from pinging Appellant's cellular phone to detect its location. No one disputes that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI." *Carpenter*, 138 S. Ct. at 2217.[1] If a person has an expectation of privacy in a particular area, police must obtain a warrant to search the area. *Commonwealth v. Loughnane*, 173 A.3d 733, 741 (Pa. 2017).

The requirements for issuance of a warrant are threefold: (1) the warrant must be issued by a neutral, disinterested magistrate; (2) the person seeking the warrant must demonstrate probable cause to believe that the evidence to be obtained is contraband; the fruits of a crime; property used as the means of committing a crime; or property that constitutes evidence of the commission of a crime; and (3) the warrant must particularly describe the person or property to be searched and the items to be seized. Fed.R.Crim.P. 41(b)–(e); Pa.R.Crim.P. 201, 205(A)(2)–(4). I observe that Appellant is challenging the issuance of the Section 5773 orders as constitutionally infirm because they fall short of the third requirement, particularity. Maj. Op. at 24–25.

---

[1] *Accord Kyllo v. United States*, 533 U.S. 27, 31 (2001) (endorsing the general principle that use of technology to collect information that otherwise could not have been obtained without physical intrusion amounts to a search). Tracking a person's movements through CSLI possesses many of the qualities associated with the placement of a global positioning system ("GPS") device on a person's vehicle and the use of that device to track the vehicle's movements. Indeed, "[m]uch like GPS tracking of a vehicle, [CSLI] is detailed, encyclopedic, and effortlessly compiled." *Carpenter*, 138 S. Ct. at 2216. The placement and use of a GPS device constitutes a search, which requires a warrant. *See United States v. Jones*, 565 U.S. 400, 405 (2012); *see also* 18 Pa.C.S. § 5761 (authorizing issuance of order by trial court upon application by written affidavit that, inter alia, provides "a statement setting forth all facts and circumstances which provide the applicant with probable cause that criminal activity has been, is or will be in progress and that the use of a mobile tracking device will yield information relevant to the investigation of the criminal activity").

**Waiver**

The Majority, based upon the Superior Court's conclusion that Appellant failed to raise a claim in his Pa.R.A.P. 1925(b) concise statement that the orders were overly broad, finds that the particularity argument has been waived. Maj. Op. at 37 n.23 (citing *Commonwealth v. Pacheco*, 227 A.3d 358, 370 n.13 (Pa. Super. 2020)). The Superior Court's conclusion, however, was in error. Appellant raised the constitutionality of the Section 5773 orders repeatedly in the trial court, including the particularity requirement. He first raised it in his supplemental motion to suppress and then briefed it in a memorandum of law filed in support. *See* Defendant's Memorandum of Law in Support of Supplemental Motion to Suppress, at 1451a-1456a ("The Fourth Amendment was established to prevent against the overbroad search which results in a general rummaging by law enforcement. [O]ur Pennsylvania Supreme Court reiterated the importance of the particularity requirement in *Commonwealth v. Grossman*, 555 A.2d 896 (Pa. 1989)."). Appellant thereafter filed a second supplemental motion to suppress that was devoted exclusively to emphasizing the particularity issue, which he then briefed at length. *See* Defendant's Second Supplemental Memorandum of Law in Support of Motion to Suppress Pursuant to Article I, Section 8 of The Pennsylvania Constitution, at 1495a-1510a. Finally, Appellant's Rule 1925(b) concise statement, as its first issue, raised the unconstitutionality of the Section 5773 orders as violative of Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution. In its Rule 1925(a) opinion, the trial court specifically acknowledged that this first issue included the particularity argument – noting that it was Appellant's

contention that the scope of the requests for CSLI information turned the orders into "General Warrants." Rule 1925(a) Opinion, 3/8/2018, at 8.

The Majority likewise contends that Appellant "abandoned" the particularity issue on appeal before the Superior Court (and, apparently, again before this Court). I likewise disagree with this assertion. Appellant unambiguously asserted in his second issue on appeal in the Superior Court that "the trial court erred in denying the motion to suppress evidence where the Commonwealth illegally tracked [Pacheco's] cell phone(s) in violation of the Pennsylvania Constitution, [and] the Fourth Amendment … ." *Pacheco*, 227 A.3d at 364. Appellant briefed the issue, and the Superior Court ruled that the trial court's orders satisfied the particularity requirement:

> First, the orders were issued by a judge of the Court of Common Pleas of Montgomery County, a neutral, disinterested, judicial officer authorized to issue such orders under the Pennsylvania Wiretap Act. Second, the orders specifically state that the court found "probable cause" that the information sought would aid in the apprehension of a particular individual for a particular offense. They identify the individual, 'David Pacheco ... a source for heroin.' And, they identify the criminal offenses 'including but not limited to the Manufacture, Delivery and or Possession with Intent to Deliver a Controlled Substance; Criminal Conspiracy; and Criminal Use of a Communication Facility.' **Third, the orders described the place to be searched (Pacheco's cell phone) and the items to be seized (the real-time CSLI for that phone).**

*Id.* at 372 (citations and footnotes omitted) (emphasis added).

Finally, Appellant did not waive the particularity issue in this Court. In the first issue presented in his petition for allowance of appeal,[2] he questioned whether "the Order of

---

[2] Moreover, this Court has opined that issues within the scope of the allowance of appeal and fairly subsumed therein are reviewable. *Commonwealth v. Harth*, 252 A.3d 600, 614

the Court of Common Pleas permit[ted] the Commonwealth to track Petitioner's cell phone(s) in violation of the Pennsylvania Constitution, [and] the Fourth Amendment … ." Petition for Allowance of Appeal, 7/28/2020, at 12. Appellant briefed the particularity issue in both his principal brief filed with this Court, Appellant's Brief at 37-39, and in a reply brief, Appellant's Reply Brief at 2-9 ("Thus, the orders the Commonwealth received

---

(Pa. 2021); *Smith v. Pa. Bd. of Prob. and Parole*, 683 A.2d 278 (Pa. 1996). I consider a challenge to the scope of a Section 5773 order to be fairly subsumed within the first issue Appellant raised in his Pa.R.A.P. 1925(b) concise statement, as well as in the first issue this Court accepted for review and Appellant briefed:

> Whether the trial court erred in failing to suppress all evidence derived from the warrantless real-time location tracking of Appellant's cell phone where such evidence was obtained in violation of the Pennsylvania Wiretap Act; Article 1 Section 8 of the Pennsylvania Constitution; and the Fourth and Fourteenth Amendments to the United States Constitution?

Concise Statement of Matters Complained of on Appeal, 1/31/2018, ¶ 1.

> Whether the Superior Court Panel erred in finding that an Order by a Court of Common Pleas permitting the Commonwealth to search 108 days of real time cell site location information was the equivalent of a search warrant, as required by United States v. Carpenter, 138 S. Ct. 2206 (2018)? Furthermore, did the Order of the Court of Common Pleas permit the Commonwealth to track [Appellant's] cell phone(s) in violation of the Pennsylvania Constitution, the Fourth Amendment, the Pennsylvania Wiretap Act and the recent decision in *Carpenter*?

Commonwealth v. Pacheco, 237 A.3d 396 (Pa. 2020) (per curiam).

Moreover, I maintain that this Court may consider but reject a claim of waiver and review an issue on its merits where, as here, the Commonwealth was aware of the Appellant's challenge. *See Pacheco*, 227 A.3d at 365 (rejecting Commonwealth's waiver claim where Appellant raised and preserved challenge to warrantless collection of CSLI evidence from his cell phone provider in motion to suppress and supporting briefs). *Cf. Commonwealth v. Bishop*, 217 A.3d 833 (Pa. 2019) (exercising discretion to enforce waiver rule where Commonwealth was not put on sufficient notice of appellant's departure claim and raised waiver objection when claim was first presented in Supreme Court).

were far broader than they needed to be, or would be permitted to be, in the typical electronic surveillance warrant situation. The orders permitted the Commonwealth to ascertain Appellant's location at any time by sending an electronic signal to Mr. Pacheco's cell phone, regardless of whether it was being used or not.").

In sum, then, given the record in this case, Appellant's constitutional challenge necessarily placed both probable cause and particularity at issue in the trial court, the Superior Court, and in this Court. The issue has not been waived.

**Lack of Particularity**

The Fourth Amendment[3] prohibits the issuance of a search warrant unless, inter alia, the scope of the search is set out with particularity. *Kentucky v. King*, 563 U.S. 452, 459 (2011). This particularity requirement is meant to ensure that a search will be "carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

Article I, Section 8 of the Pennsylvania Constitution[4] affords even greater protection than its Fourth Amendment counterpart, including a more stringent particularity

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be search, and the persons or things to be seized." U.S. CONST. amend. IV.

[4] "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." PA. CONST. art. I, § 8.

requirement. *See Commonwealth v. Grossman*, 555 A.2d 896, 899 (Pa. 1989) (finding "as nearly as may be" language of Article I, Section 8 requires more specificity in description of items to be seized than the federal particularity requirement).[5] The person or property to be searched must be described with enough specificity to enable law enforcement to ascertain and identify, with reasonable effort, the person or the property intended. *Commonwealth v. Turpin*, 216 A.3d 1055, 1067 (Pa. 2019) (quoting *Commonwealth v. Waltson*, 724 A.2d 289, 292 (Pa. 1998)).

Collecting CSLI and using that information to track a person's location constitutes a search and, therefore, requires a warrant. *Carpenter*, 138 S. Ct. at 2217. To be the functional equivalent of a warrant, a Section 5773 order must satisfy the constitutional requirements for a warrant, including, inter alia, particularity. In my view, the Section 5773 orders issued in this case failed to satisfy this requirement. The Section 5773 orders allowed the Commonwealth to perform a general search of Appellant's location by granting it unfettered access to his ongoing movements through the collection of CSLI at any location, day or night, as often as law enforcement personnel saw fit, for months. The orders directed the telecommunications provider to disclose real-time results of signals and/or readings "at such intervals and times as directed by the law enforcement agent serving this Order," and that they shall be "without geographic limitations, including private areas." Orders, 8/25/2015, ¶ 9; 10/15/2015, ¶ 12. The orders permitted law enforcement to achieve a detailed and comprehensive record of Appellant's movements, without any

---

[5] The constitutional particularity requirement is embedded in the Pennsylvania Rules of Criminal Procedure. *See* Pa.R.Crim.P. 205(A)(2) (requiring all search warrants to "identify specifically the property to be seized"); Pa.R.Crim.P. 205(A)(3) (requiring all search warrants to "name or describe with particularity the person or place to be searched").

limitations on the times and places where he might be engaging in criminal activity. A constitutionally valid warrant does not permit such a sweeping dragnet of a person's movements.

I find no merit in the Majority's contention that the particularity requirement was satisfied because "the applications and the affidavits of probable cause provided particular descriptions of the place to be searched and the items to be seized." Maj. Op. at 36. The Majority misses the mark. Particularity is a requirement of the **warrant** (here the Section 5773 orders), not of the applications or affidavits of probable cause. The Section 5773 orders in this case do not particularly describe a place to be searched or the items to be seized — instead they authorize a general, continuous tracking of Appellant's location at all times, both day and night, entirely at the discretion of law enforcement. Instead of focusing on the overbreadth of the Section 5773 orders, the Majority instead emphasizes "the extensive affidavits of probable cause accompanying each Section 5772 application." Maj. Op. at 37. The Majority reasons that while "defining the permissible parameters of time for CSLI searches" may be "difficult," Majority Op. at 37, the Commonwealth was nevertheless not required to describe with particularity every location where Appellant could be tracked, "as the actual locations tracked by the CSLI evidence were neither searched nor seized." Majority Op. at 38. Again, respectfully, the Majority misses the point. Regardless of the difficulty of defining temporal parameters of the search, it must be done, as an order requiring service providers to continuously ping cell towers to determine Appellant's location is a search, and requiring the service providers to turn that CSLI information over to law enforcement is a seizure – both of which require compliance with the constitutional particularity requirement for a warrant.

We are not the first court to consider the application of the particularity requirement in similar factual circumstances and an unrestricted scope of surveillance. In *United States v. White,* 62 F. Supp. 3d 614 (E.D. Mich. 2014), *affirmed*, 679 Fed. App'x. 426 (6th Cir. 2017), *judgment vacated on other grounds*, ___ U.S. ___, 138 S. Ct. 641 (2018), a federal district court in Michigan found unconstitutional on particularity grounds warrants that allowed law enforcement to track the defendant continuously for thirty days "at all times, night and day, on public streets and in private places, and into areas traditionally protected by the Fourth Amendment." *Id.* at 621, 628. The district court recognized that the affidavit established that White was involved in drug trafficking in several states and Canada and used his cell phone to set up and consummate transactions. Addressing the scope of the warrants, however, the court queried,

> If law enforcement anticipates that a suspect will commit a crime **some place** at some future date, does that mean that law enforcement has probable cause to track a suspect **every place** he goes? The answer must be "No," lest general warrants be revived and the Fourth Amendment's particularity requirement be eviscerated.

*Id.* at 627. The district court explained that the police could have satisfied the particularity requirement if they requested permission to track White "for a limited period" based on credible information that he "was planning to engage in a drug transaction with the confidential informant at a particular time and place[;]" that "White was traveling to meet with his Canadian, Arizona, or Alabama suppliers, even if White stayed at motels or the homes of co-conspirators along the way[;]" or, "between his home in Detroit and his mother's home in Romulus … that White stored drugs in one location and sold them out of another." *Id.* at 628. Absent such particular details, "[t]he tracking warrants were akin to the general warrants condemned by the Founders, and are repugnant to the Fourth

Amendment." *Id.* at 629 (citation omitted). I find the cogent analysis of the *White* court to be persuasive and its conclusions firmly grounded in the Fourth Amendment's particularity requirement.

The types of information sought by the district court in *White* were readily available to the trial court in this case, including the dates, times and locations where Appellant would likely be involved in criminal activities. The affidavits of probable cause submitted to obtain the Section 5773 orders in this case were lengthy and highly detailed, with specific information relating to the key role Appellant played in the activities of the Mexican drug cartel being investigated. With respect to Appellant's activities, the affidavits contained date, time, and location information setting forth, inter alia, (1) his multiple trips from Norristown, Pennsylvania to Atlanta, Georgia to pick up retrofitted car batteries containing heroin, his subsequent return to Norristown, and his transporting of the drugs to New York; (2) Appellant's use of cell phones to facilitate these transactions; and (3) the identities of Appellant's associates aiding him in these efforts. As a result, the trial court had sufficient information to tailor the Section 5773 orders to comply with the constitutionally required particularity requirement.[6] It simply did not do so, thus resulting in constitutional infirmity.

The United States Supreme Court opined in *Carpenter* that, "when the Government tracks the location of a cell phone it achieves near perfect surveillance, as if it had attached an ankle monitor to the phone's user." *Carpenter*, 138 S. Ct. at 2218. Left

---

[6] *Cf. Commonwealth v. Laventure*, 894 A.2d 109, 118 (Pa. 2006) ("[I]t is clear that the mere specification of all information that is available is not in and of itself enough; rather, actual reasonable particularity is required sufficient to limit governmental discretion in the execution of the [arrest] warrant and pursuit of the associated criminal process.").

unrestrained, CSLI surveillance creates a tapestry of location information — not merely a snapshot — by revealing "the whole of [a person's] physical movements," public and private, rather than just those relevant to the commission of a particular criminal offense at a particular place or time. *Carpenter*, 138 S. Ct. at 2217. To combat technology-driven surveillance creep, a warrant must narrowly describe the scope of the permissible searches with particularity.

A surveillance order issued pursuant to Section 5773 order will pass constitutional muster if it is issued by a proper authority, is supported by probable cause, **and** describes with particularity the suspected criminal activity, the person or property to be searched, and/or the items to be seized. Section 5773, however, contains no language that mandates that an order satisfies constitutional particularity requirements. For example, a Section 5773 order need not describe "as nearly as may be" the specific locations visited by a person that may be tracked, the specific times during which the person's presence in a specific location may be tracked, the specific criminal activity the person is expected to be engaged in at any given location, or the specific evidence of criminal activity expected to be discovered at any given location. An order may issue under Section 5773 when the Commonwealth submits a detailed affidavit establishing probable cause and indicating that information relevant to an ongoing criminal investigation and to specific violations of the Crimes Code will be obtained from the requested CSLI. 18 Pa.C.S. § 5773. Section 5773 does not, however, require the trial court to cabin the discretion of law enforcement by limiting their intrusion into a person's life to a particular place, time, or activity. The orders issued in this case satisfied the statutory requirements set forth in Section 5773 but failed to satisfy the constitutional requirements for a valid warrant.

The Majority sanctions these orders despite their lack of particularity. I, on the other hand, observe that, although these purported warrants were supported by probable cause, they were so obviously lacking in particularity as to render them constitutionally repugnant, resulting in a warrantless search of Appellant's movements and a basis for suppression. *Accord Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (citing *Massachusetts v. Sheppard*, 468 U.S. 981, 988, n.5 (1984) ("[A] search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional.")); *Grossman*, 555 A.2d at 899 ("The more rigorous Pennsylvania constitutional provision requires no less.").

I therefore dissent from the Majority's conclusion that the Section 5773 orders issued in this case were constitutionally valid.