J-A04026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL THOMAS | : | No. 534 EDA 2018 |

Appeal from the Order, November 17, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0004390-2017.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS,* J.

JUDGMENT ORDER BY KUNSELMAN, J.:                **FILED MAY 02, 2019**

The Commonwealth appeals and asks whether the trial court erred by suppressing the handgun that police seized from Michael Thomas following a stop-and-frisk.[1]  The common pleas court concluded the police officers lacked reasonable suspicion when they stopped and searched Mr. Thomas.

Briefly, this **Terry** stop[2] occurred a few blocks away from the scene of a recent, armed-robbery.  When they stopped Mr. Thomas, police subjectively believed he matched the description of their suspect.  The officers' superiors

_____

[1]  The Commonwealth charged Mr. Thomas under 18 Pa.C.S.A. §§ 6016, 6018 (The Uniform Firearms Act).

[2]  **See Terry v. Ohio**, 392 U.S. 1 (1968) (holding that, under the Fourth Amendment of the Constitution of the United States, a police officer may stop suspects on the street and frisk them, if the officer has a reasonable suspicion that the person has committed, is committing, or is about to commit a crime and has a reasonable belief that the person may be armed and presently dangerous).

* Retired Senior Judge assigned to the Superior Court.

instructed them to look for a man in a grey coat. Mr. Thomas, however, was wearing a green one.

His coat became evidence at the suppression hearing, and its color was instrumental in the trial court's decision to suppress. **See** Trial Court Opinion, 5/31/18, at 5-6. The trial court found no reasonable suspicion, because, objectively speaking, Mr. Thomas did not match the description of a robbery suspect, who was supposed to be in a grey coat. **See id.**

Because no warrant issued in this case, our standard of review is *de novo*,[3] and the best evidence of whether the police reasonably believed that Mr. Thomas was wearing a grey coat is, of course, the coat itself. The coat is critical evidence for our review, because whether police reasonably suspected Mr. Thomas of the robbery turns upon his appearance on the night in question. However, the Commonwealth did not make Mr. Thomas' coat a part of the certified record.

To ensure there was no breakdown in the Unified Judicial System, this Court's personnel contacted the Court of Common Pleas of Philadelphia County. That court's staff relayed that Mr. Thomas' coat was in the possession of the police department and that this Court would need to produce an order to secure it.

---

[3] **See Ornelas v. United States**, 517 U.S. 690 (1996); **Commonwealth v. Laatsch**, 661 A.2d 1365 (Pa. 1995).

We do not assist appellants in perfecting their record for appeal. An appellant's failure to transmit all parts of the record – ***including exhibits*** – results in affirmation. ***See Commonwealth v. Preston***, 904 A.2d 1 (Pa. Super. 2006) (*en banc*). The Commonwealth violated **Preston** and the Rules of Appellate Procedures by not ensuring that the full record developed below made its way to this Court.

Order affirmed. Case remanded for further proceedings.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/19