J-S27039-24

2024 PA Super 294

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
   :
v.   :
   :
   :
   :
RASHEEN LARON PERCELL   :
   :
Appellant   :   No. 3084 EDA 2023

Appeal from the Judgment of Sentence Entered November 21, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000603-2023

BEFORE: LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED DECEMBER 9, 2024**

Appellant, Rasheen Laron Percell, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County by order dated November 21, 2023. We affirm.

The relevant facts and procedural history are as follows: Appellant was charged with offenses at two docket numbers following two separate police incidents involving his on-again-off-again girlfriend, the victim. The trial court joined the two matters pending against him.

> On October 20, 2023, Appellant entered into a negotiated guilty plea on docket number 603-2023 to Count 1 Strangulation and on docket number 684-2023 to Count 1 Terroristic Threats. On that same day, he was sentenced to a term of one to two years' incarceration followed by two years consecutive probation on the Strangulation charge and four years of concurrent probation on the Terroristic Threats charge. Appellant was ordered to continue on Electronic Home Monitor until his delayed report date for

_____

[*] Former Justice specially assigned to the Superior Court.

incarceration of December 27, 2023. He was also ordered to stay away from the victim.

Thereafter, on October 20, 2023, Appellant through counsel, filed a Motion for Reconsideration of Sentence seeking to withdraw the guilty plea alleging it was not made voluntarily and seeking to modify the terms of the sentence to permit contact between the victim and Appellant. Th[e] court issued an order on November 1, 2023, denying Appellant's motion to withdraw his plea and granting the motion for reconsideration regarding contact between Appellant and the victim. A hearing was scheduled for November 21, 2023 to address the merits of the motion for reconsideration regarding the contact. On that date, the court issued an order permitting Appellant to have contact with the victim on Thanksgiving and permitting contact at the prison. The instant Notice of Appeal was filed on December 4, 2023.

Th[e] court issued a 1925 Order requiring a Statement of Matters Complained of on Appeal on December 7, 2023 and an extension in which to submit that Statement on December 15, 2023. On January 17, 2024, Defendant, through counsel filed a Statement of Matters Complained of on Appeal[.]

Tr. Ct. Op. at 1-2. This appeal follows.

Appellant raises one issue for our review:

Whether the strangulation sentence is illegal, since the plea hearing record does not support the second-degree felony grading?

Appellant's Br. at 5.

Before we can address Appellant's claim, we must determine if we have jurisdiction to consider his appeal. *See Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997) ("[T]he question of appealability implicates the jurisdiction of this court."). The Commonwealth argues that the appeal should be quashed as untimely because his judgment of sentence was entered

on October 20, 2023, and the instant appeal was filed on December 4, 2023, more than thirty days later. Appellee's Br. at 12.

Appellant filed a timely post-sentence motion on October 30, 2023, which raised two issues. As stated above, he first sought to withdraw his guilty plea, and second, he requested reconsideration of the no-contact order entered at sentencing. *See* Post-Sentence Motion, 10/30/23, at 1-2. By order filed November 1, 2023, the trial court denied in part and granted in part Appellant's post-sentence motion. The order stated that Appellant's request to withdraw his guilty plea was denied, but that a hearing was granted for the reconsideration of the no-contact order. *See* Tr. Ct. Order, 11/1/23. At the conclusion of the hearing, the trial court entered an order granting Appellant's request to lift the no-contact order. *See* Tr. Ct. Order, 11/21/23.

The Commonwealth argues that in order to be timely, Appellant must have appealed within thirty days from the November 1, 2023, order which denied Appellant's request to withdraw his sentence but granted a hearing to reconsider the no-contact order. Appellee's Br. at 15. The Commonwealth argues that because only the issue of the no-contact order would be resolved at the reconsideration hearing, the November 1, 2023, order was a final order as to Appellant's request to withdraw his plea. Thus, Appellant had until December 1, 2023, to appeal the denial of the part of his motion requesting to withdraw his guilty plea. Appellee's Br. at 15.

Initially, we note that while Appellant's request for reconsideration of the no-contact order was pending a hearing in the trial court, the trial court still had jurisdiction over this matter. [1] We disagree with the Commonwealth that the November 1, 2023, order denying in part and granting in part Appellant's post-sentence motion was a final, appealable order.

> If post-sentencing motions are timely filed, . . . the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law. [*See* Pa.R.Crim.P. 720(A)(2),] and comments thereto[.] Moreover, the comments to Rule [720] explicitly provide that "[n]o direct appeal may be taken by a defendant while his or her post-sentence motion is pending."

*Borrero*, 692 A.2d at 160.

Here, Appellant's judgment of sentence became final for purposes of direct appeal thirty days after the trial court disposed of the entire post-sentence motion, whether the request in the motion had been granted or not. The reconsideration hearing was held and the order lifting the no-contact order was entered on November 21, 2023, disposing of the final matter in

---

[1] Appellant asserts that if he had appealed the partial denial of his post-sentence motion before the reconsideration hearing was held, and then if his request to lift the no-contact order had not been granted after the hearing, he would have had to take two appeals from the judgment of sentence, wasting judicial and attorney resources. Appellant's Reply Brief at 2. Indeed, aside from jurisdictional issues, this Court has warned against burdening the courts with piecemeal litigation. *See, e.g., Rae v. Penna. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1129-30 (Pa. 2009) (stating "an appellate court is more likely to decide a question accurately after judgment, where it may consider the claim in the context of a complete adjudication and a fully developed record").

Appellant's motion. Thus, Appellant had until December 21, 2023, to file his appeal. Because Appellant filed his appeal on December 4, 2023, this appeal is timely.

The Commonwealth argues that Appellant's reference to the court's November 21, 2023, order in his notice of appeal is an attempt to circumvent the timeliness requirements. Appellee's Br. at 12. In a criminal action, an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 158 n.1 (Pa. Super. 2007) (noting that an appeal from an order denying post-sentence motions is procedurally improper because a direct appeal in a criminal proceeding lies from judgment of sentence). Here, Appellant correctly appealed from his judgment of sentence, originally entered October 20, 2023 and completed by the November 21, 2023, order disposing of his post sentence motion, granting his request to lift the no-contact order.[2] Accordingly, we will address the merits of Appellant's claim.

Appellant challenges the felony grading of his strangulation conviction. His strangulation conviction, generally graded as a misdemeanor, was graded as a felony because of the domestic violence sentence enhancement.

---

[2] Because the November 21, 2023, order disposing of Appellant's post-sentence motion amended Appellant's sentence, Appellant's judgment of sentence was actually entered on November 21, 2023, not October 20, 2023. We have corrected the caption of this appeal to reflect that the judgment of sentence was entered November 21, 2023.

Specifically, he claims the record is devoid of evidence that the domestic violence sentence enhancement applies. While Appellant frames this as a legality of the sentence issue, this is a challenge to the sufficiency of the evidence.

When reviewing a challenge to the sufficiency of the evidence, our standard is well-settled. We review the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences drawn from the evidence. ***Commonwealth v. Alford***, 880 A.2d 666, 669-670 (Pa. Super. 2005).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Tejada***, 107 A.3d 788, 792-793 (Pa. Super. 2015) (citation omitted).

Pursuant to 18 Pa.C.S. § 2718(a), "[a] person commits the offense of Strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by: (1) applying pressure to the throat or neck; or (2) blocking the nose and mouth of the person." The

"[i]nfliction of a physical injury to a victim shall not be an element of the offense[,]" and "[t]he lack of physical injury to a victim shall not be a defense[.]" 18 Pa.C.S. § 2718(b).

Pursuant to 18 Pa.C.S. § 2718(d)(2)(i), strangulation is graded as a second-degree felony when it is committed "against a family or household member, as defined in 23 Pa.C.S. § 6102." Section 6102 defines "Family or household members" as, *inter alia*, "current or former sexual or intimate partners[.]" 23 Pa.C.S. § 6102. Because the statute is disjunctive in stating "sexual *or* intimate" partners, there need not be evidence of prior sexual interaction for a couple to have been in an "intimate" relationship. The same is true in reverse; a sexually involved couple, for whatever length of time, need not have labeled themselves "boyfriend and girlfriend" to be "sexual partners" under the statute. There is no specific length of time of intimacy or number of sexual encounters specified in the definition, and case law does not interpret the statute as imposing such. *See, e.g., Evans v. Braun*, 12 A.3d 395, 399 (Pa. Super. 2010) (where victim and abuser "mutually chose" to enter a "dating relationship" which involved a "romantic bond," evidence was sufficient to prove they were current or former sexual or intimate partners under Section 6102(a)); *D.H. v. B.O.*, 734 A.2d 409, 410 (Pa. Super. 1999) (stating that parties who were in a month-long sexual relationship fell within Section 6102(a)'s definition of a family or household member).

Here, Appellant argues that the Commonwealth failed to provide evidence supporting the determination that the victim was a "family or household member." Appellant's Br. at 9. Appellant argues that even if the victim told police Appellant was her "boyfriend," that does not necessarily suggest an intimate sexual relationship or that they resided at the same address. Appellant's Br. at 12.

The trial court emphasized that Appellant pled guilty to strangulation graded as a felony and that his plea was knowing, intelligent, and voluntary. Tr. Ct. Op. at 3-4. Relevantly, the trial court aptly stated,

> The record also supports the grading enhancement with regard to the Strangulation charge. Typically, a strangulation is a misdemeanor of the second degree unless it is committed against a family or household member, in which case it is a felony of the second degree. A "family or household member" is defined as: "Spouses or persons who have been spouses, persons living as spouses or who lived as spouses, parents and children, other persons related by consanguinity or affinity, current or former sexual or intimate partners or persons who share biological parenthood." 23 Pa.C.S.A. 6102. In this case, as was cited above, the Commonwealth made it clear that this was a case of domestic violence. The court was aware, through the record as a whole, including the affidavit of probable cause, that the parties were boyfriend and girlfriend and that this type of domestic situation had occurred multiple times. (N.T., 10/20/23, p.4-9; Affidavit of Probable Cause, p.1) That information is sufficient to support the enhanced grading for the Strangulation charge.

Tr. Ct. Op. at 5.

Appellant argues that while the trial court cites the Affidavit of Probable cause, that document was not accepted into the record as evidence as a basis for the guilty plea. Appellant's Br. at 11. However, in addition to the

complaints against Appellant where the police stated that he is the boyfriend of the victim, the record reflects that at a hearing on the Commonwealth's petition to increase bail, the victim testified that she was currently in a relationship with Appellant and had been in a relationship with him the prior year. N.T., 4/19/23, at 10. At that same hearing, the attorneys for both parties, the trial court, and the Adult Probation and Parole agent each referenced the romantic relationship between the victim and Appellant. N.T., 4/19/23, at 3, 6, 28, 34. To alleviate the trial court's confusion as to why the Appellant and victim were seated next to one another in court, Appellant's counsel advised the judge that the two were "back together." *Id.* at 3.

At a hearing on a motion filed by Appellant to reduce bail, Appellant's counsel stated the victim "would like my client to return home." N.T., 5/23/23, at 8. The trial court confirmed with Appellant's counsel that the victim wanted Appellant home because "she couldn't afford the place she was living in without [Appellant's] contribution," to which Appellant's counsel replied, "that's correct." *Id.* at 9. Then, at the guilty plea hearing, the trial court asked Appellant's counsel for the status of the relationship between the victim and Appellant, to which Appellant's counsel responded the victim would like to continue seeing Appellant. N.T., 10/20/23, at 8.

The trial court as fact-finder was free to draw reasonable inferences "from the combined circumstances," and the whole record must be evaluated. *Tejada, supra*. Viewed in a light most favorable to the Commonwealth as

verdict winner, we conclude that the evidence was sufficient to show that the victim was a current or former sexual or intimate partner of Appellant, thus making her a "family or household member" under the statute.

Therefore, since sufficient evidence exists in the record to satisfy the domestic violence grading enhancement, Appellant's strangulation conviction was properly graded as a felony. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2024