J-S01036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMEY BATTLE | : | |
| | : | |
| Appellant | : | No. 875 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000116-2021

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: JANUARY 28, 2025**

Appellant Jeremy Battle[1] appeals from the judgment of sentence entered by the Court of Common Pleas of Luzerne County after a jury convicted Appellant of Persons Not to Possess a Firearm[2] and Appellant pled guilty to Delivery of a Controlled Substance.[3]  Appellant argues that the trial court erred in refusing to suppress evidence of the firearm.  We affirm.

The trial court aptly summarized the factual background of this case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.
[1] It appears from the certified record that Appellant spells his first name "Jeremy" in correspondences with the lower court.  However, although the trial court docket lists his name as "Jeremey," there does not appear to be any motion by the defense to correct the trial court docket sheets.  **See** Pa.R.A.P. 907 ("the prothonotary of the appellate court shall docket an appeal under the caption given to the matter in the trial court").
[2] 18 Pa.C.S.A. § 6105(a)(1).
[3] 35 P.S. § 780-113(a)(30).

On January 14, 2021, as part of an ongoing police investigation, a search warrant was issued for 376 New Market Street, Wilkes-Barre, PA, a residence known to be occupied by [Appellant]. The items to be searched for and seized were identified as "Cocaine based narcotic as defined by the Controlled Substances, Drug, Device and Cosmetic Act, U.S. currency, Packaging and Processing Material, Owe Sheets, Sales Records and Cellular Phones." Application for Search Warrant dated 1/14/21.

Upon entry into the residence, the police proceeded into a living/dining area, Wilkes-Barre City Police Officer James Sheridan observed a nylon drawstring bag directly under where [Appellant] had been located. Feeling weight to the bag, and believing that it could contain narcotics, packaging material, or drug paraphernalia, Officer Sheridan opened the bag and immediately observed a handgun inside of it. The handgun was seized, along with cocaine, ammunition, and cellphones that were located elsewhere in the residence during the search.

Trial Court Opinion (T.C.O.), 7/24/24, at 1-2.

Appellant was charged with Persons Not to Possess a Firearm and multiple drug related offenses. Appellant filed a pretrial suppression motion, asking the trial court to suppress the handgun as the search warrant did not authorize a search for weapons. As Appellant contended that the handgun was not in plain view, he asserted that the seizure of the firearm violated both the 4th Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. After a hearing, the trial court denied the suppression motion.

Thereafter, the trial court severed the firearms charge from the drug charges. On April 20, 2023, Appellant proceeded to a jury trial on the firearms charge after which a mistrial was declared. Upon Appellant's retrial, a jury convicted Appellant of the firearms charge on June 23, 2023. Appellant

- 2 -

eventually entered a guilty plea to delivery of crack cocaine and the Commonwealth agreed to withdraw the remaining drug charges.[4]

On April 26, 2024, the trial court sentenced Appellant to 78 – 180 months' imprisonment on the firearms charge and 12 – 60 months' imprisonment on the delivery charge. As the sentences were run consecutively, Appellant received an aggregate sentence of 90 -240 months' imprisonment.

On May 2, 2024, Appellant filed a post-sentence motion. On May 8, 2024, Appellant filed a *pro se* notice of appeal while his counseled post-sentence motion was still pending.[5] On June 11, 2024, the trial court denied Appellant's post-sentence motion. On June 14, 2024, Appellant filed a timely counseled appeal.

Appellant's sole claim on appeal is that the trial court erred in denying his suppression motion. Our standard of review is well-established:

---

[4] Appellant's sentencing on the firearms charge and his prosecution on the drug charges was delayed after Appellant unsuccessfully attempted to file an appeal from a scheduling ruling, which was an unappealable order.

[5] In a criminal action, an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions. ***Commonwealth v. Percell***, ___A.3d___, 2024 PA Super 294 (Dec. 9, 2024). If a defendant files a timely post-sentence motion, "the judgment of sentence does not become final for the purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law." ***Commonwealth v. Rojas***, 874 A.2d 638, 642 (Pa.Super. 2005). ***Commonwealth v. Borrero***, 692 A.2d 158, 160 (Pa. Super. 1997). If an appellant files a notice of appeal while a post-sentence is pending, the premature notice of appeal does not divest the trial court of jurisdiction to decide the post-sentence motion as the judgment of sentence has not yet become final, and thus, is interlocutory. ***Rojas***, 874 A.2d at 642-643 (citing ***Borrero***, 692 A.2d at 159-61).

"[o]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Yandamuri*, 639 Pa. 100, 159 A.3d 503, 516 (2017). "Where the record supports the suppression court's factual findings, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error." *Commonwealth v. Dunkins*, ––– Pa. ––––, 263 A.3d 247, 252 (2021)[.] "Moreover, even if the suppression court did err in its legal conclusions, the reviewing court may nevertheless affirm its decision where there are other legitimate grounds for admissibility of the challenged evidence." *Commonwealth v. Laatsch*, 541 Pa. 169, 661 A.2d 1365, 1367 (1995), *quoting* *Commonwealth v. O'Shea*, 523 Pa. 384, 567 A.2d 1023, 1028 (1989). Our scope of review is limited to the record of the suppression hearing. *See Yandamuri*, 159 A.3d at 516. Additionally, we may "consider only the Commonwealth's evidence and so much of the defense's evidence as remains uncontradicted when read in the context of the record as a whole." *Dunkins*, 263 A.3d at 252.

*Commonwealth v. Saunders*, 326 A.3d 888, 894–95 (Pa. 2024) (some citations omitted).

Specifically, Appellant argues that the trial court erred in refusing to suppress a handgun discovered at his residence inside a nylon bag. Appellant specifically suggests that the officers were required to obtain a separate warrant in order to search the bag as it was not "immediately apparent" that the bag contained contraband. We disagree.

We first note that it is undisputed that as the officers possessed a valid search warrant supported by an affidavit of probable cause, they were authorized to search Appellant's residence. The Supreme Court of the United States has established that a valid search warrant allows officers to search containers on the described premises which might contain the object of the

search.  ***United States v. Ross***, 456 U.S. 798, 820–21, 102 S. Ct. 2157, 2170–71, 72 L. Ed. 2d 572 (1982).

> A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.  … When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

***Id***.  Pennsylvania courts have consistently held that

> [w]here a search warrant adequately describes the place to be searched and the items to be seized the scope of the search extends to the entire area in which the object of the search may be found and properly includes the opening and inspection of containers and other receptacles where the object may be secreted.

***Commonwealth v. Petty***, 157 A.3d 953, 957 (Pa.Super. 2017) (quoting ***Commonwealth v. Waltson***, 555 Pa. 223, 724 A.2d 289, 292 (1988) (citing ***Commonwealth v. Reese***, 520 Pa. 29, 549 A.2d 909, 911 (1988))).

In ***Reese***, our Supreme Court held that police officers, who had obtained a valid warrant to search for cocaine in a specific residence, were permitted to search the pockets of a visitor's jacket which had been draped on a chair in the residence.  The Supreme Court found that "police are not prohibited from searching a visitor's personal property (not on the person) located on premises in which a search warrant is being executed when that property is part of the

general content of the premises and is a plausible repository for the object of the search." **Reese**, 520 Pa. 29, 549 A.2d at 911.

Similarly, in this case, the officers were permitted to search the pink nylon bag found in Appellant's own residence where they were executing a valid warrant to search for narcotics. There is no support for Appellant's contention that the officers needed a separate warrant to search the nylon bag, which was a container on the premises that could have held narcotics or the other items described in the search warrant.

Once Officer Sheridan opened the nylon bag, he observed the handgun inside. Although the search warrant did not authorize the seizure of the handgun, the trial court determined that the officers were permitted to effectuate a warrantless seizure of the handgun pursuant to the plain view doctrine. Our courts have held that "[u]nder the plain view doctrine, the police may effectuate a warrantless seizure of an item if: (1) the police view the item from a lawful vantage point; (2) the incriminating nature of the item is immediately apparent; and (3) the police have a lawful right of access to the item." **Saunders**, 326 A.3d at 897.

Appellant makes no attempt to challenge the trial court's finding that the first and third prongs of the plain view test were clearly met. The officers viewed the gun from a lawful vantage point as they were present in Appellant's residence pursuant to valid search warrant. As discussed above, the officers had a lawful right to access the firearm as they were authorized to search the

nylon bag, a container found on the premises that could contain items listed in the search warrant.

Appellant limits his claim on appeal to contend that the seizure of the firearm was not justified under the second prong of the plain view doctrine as he asserts that the incriminating nature of the nylon bag was not immediately apparent. Appellant's Brief, at 8. Appellant's argument is misplaced as we have already determined that the officers were authorized to open and search the nylon bag as it was part of the general content of the premises subject to a lawful search warrant and the bag was a plausible repository for the object of the search.

Appellant made no attempt on appeal to challenge the trial court's finding that the incriminating nature of the firearm itself was immediately apparent upon its discovery. "When issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Commonwealth v. Taylor**, 277 A.3d 577, 591 (Pa.Super. 2022) (citation omitted). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review that claim is waived." **Id.** (quoting **In re W.H.**, 25 A.3d 330, 339 n.3 (Pa.Super. 2011)). As such, this argument is waived on appeal.

Even assuming *arguendo* that Appellant had not waived this specific argument, Appellant still would not be entitled to relief.

> In determining whether the incriminating nature of an object is immediately apparent to the police officer, we look to the totality of the circumstances. An officer can never be one hundred percent certain that a substance in plain view is incriminating, but his belief must be supported by probable cause.

***Commonwealth v. Smith***, 285 A.3d 328, 333 (Pa.Super. 2022) (citation omitted).

The trial court found Officer Sheridan to be credible in testifying that he knew, prior to effectuating the search warrant in this case, that Appellant had been convicted of several crimes and had a violent history involving firearms, including a specific shooting in late 2020. The trial court found that Officer Sheridan reasonably believed that Appellant was a person prohibited from possessing a firearm. As a result, the trial court determined that the totality of the circumstances showed that the incriminating nature of the firearm was immediately apparent to Officer Sheridan upon its discovery.

For the foregoing reasons, we conclude that the trial court did not err in denying Appellant's suppression motion as the officers performed a lawful seizure of the firearm in question.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/28/2025

- 8 -